IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES M. YOCOM,
        Plaintiff,

v.                                      Case No.: 3:05cv20/MCR/EMT

JO ANNE B. BARNHART,
Commissioner of Social Security,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

       This action was initiated under the Social Security Act to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for benefits (Doc. 1). Pending is the Commissioner's Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g) (Doc. 4). The Commissioner has certified that Plaintiff has no objection to this motion.

       Sentence six remands may be granted on the Commissioner's motion before an answer is filed for good cause or, alternatively, upon a showing that there is new, material evidence and good cause for the failure to incorporate such evidence into the record. *See* Melkonyan v. Sullivan, 501 U.S. 89, 100, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) (explaining the difference between sentence four and sentence six remands under 42 U.S.C. § 405(g)). In this case, the Commissioner has not yet filed an answer and seeks remand to complete the administrative record because the cassette tape recording of the hearing held before an administrative law judge ("ALJ") on March 26, 2004, is blank (*see* Doc. 4). Commissioner's counsel has stated that if remand is granted, the Appeals Council will remand the case to an ALJ for a de novo hearing to complete the administrative record (*id.*). Thus, the undersigned believes there is good cause for the requested remand.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the Commissioner's motion to remand (Doc. 4) be **GRANTED**.

2. That this cause be **REMANDED** to the Commissioner of the Social Security Administration pursuant to sentence six of 42 U.S.C. §405(g) for further administrative proceedings. As the court retains jurisdiction of this case during the period of remand, judgment should not be entered at this time.

3. That the Commissioner be required to advise the court of the status of these proceedings on June 1, 2005, and every thirty days thereafter.

4. That the file be returned to the magistrate judge upon the Commissioner's filing the first status report and every status report thereafter.

At Pensacola, Florida this 12th day of April, 2005.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:05cv20/MCR/EMT